STATE of Wisconsin, Plaintiff-Respondent,

v.

Duncan LaPlant, Defendant-Appellant.†

Court of Appeals

*No. 94–2362–CR. Submitted on briefs June 5, 1995.—Decided September 12, 1996.*

(Also reported in 555 N.W.2d 389.)

†Petition to review denied.

415

For the defendant-appellant the cause was submitted on the briefs of *Michael O. Bohren* and *Christine E. Ohlis* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *E. Michael McCann*, district attorney, and *David M. Lerman*, assistant district attorney, of Milwaukee.

Before Wedemeyer, P.J., Fine, J., and Michael T. Sullivan, Reserve Judge.

SULLIVAN, J. Duncan LaPlant raises several constitutional challenges to his conviction, on a no contest plea, for six counts of unfair residential rental trade practices. *See* §§ 100.20(2), and 100.26(3), STATS. He argues that: (1) Laws of 1977, ch. 418, § 923(3), and the ensuing WIS. ADM. CODE Chapter ATCP 134, violate Article IV, Section 18 of the Wisconsin Constitution; (2) WIS. ADM. CODE § ATCP 134.04(2)(b)(1)-(4), is unconstitutionally vague; and (3) WIS. ADM. CODE Chapter ATCP 134, violates Article I, Section 1 of the Wisconsin Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We reject LaPlant's arguments and affirm.[1]

## I. BACKGROUND.

The Milwaukee County District Attorney's Office charged LaPlant, a residential rental landlord, with thirty-six counts of unfair residential rental trade practices.[2] The charges alleged various violations of

[1] WISCONSIN ADM. CODE Chapter ATCP 134 was originally promulgated as WIS. ADM. CODE Chapter AG 134. It was renumbered as Chapter ATCP 134 under § 13.93(2m)(b)1, STATS. All references in this opinion are to Chapter ATCP 134.

[2] The number of charges filed against LaPlant varied throughout the proceedings until the State, with leave of the court, amended to a final thirty-six count complaint.

WIS. ADM. CODE Chapter ATCP 134, including: failure to disclose that rental dwellings lacked plumbing and electrical systems in a safe operating condition; failure to disclose structural or other conditions constituting a substantial hazard to the health and safety of the tenants; failure to specify the date when the promised repairs to the dwellings would be made; making promises before a rental agreement was signed promising prospective tenants that repairs would be made to the units and then failing to provide the tenant with a written copy of the promises; and failure to make the promised repairs within the time represented.

LaPlant challenged the complaint, arguing that the offenses violated the above constitutional principles. The trial court denied LaPlant's motion to dismiss and a jury trial was set. Thereafter, LaPlant pleaded no-contest to six counts of the complaint, with the remaining counts to be read-in for sentencing. After he was sentenced, LaPlant appealed to this court, renewing his constitutional challenges to his convictions.

## II. ANALYSIS.

We begin our analysis with the presumption that Laws of 1977, ch. 418, § 923(3), and WIS. ADM. CODE Chapter ATCP 134, are constitutional and that they must be upheld unless they are proven unconstitutional beyond a reasonable doubt. *See Libertarian Party of Wisconsin v. State,* 199 Wis. 2d 791, 802, 546 N.W.2d 424, 430 (1996) (constitutionality of statutes); *Richards v. Cullen,* 150 Wis. 2d 935, 938-39, 442 N.W.2d 574, 575-76 (Ct. App. 1989)

(constitutionality of administrative rules). With this presumption in mind, we address each of LaPlant's constitutional challenges *seriatim*.

## A. Article IV, § 18 of the Wisconsin Constitution.

We first address LaPlant's argument that Chapter 418, § 923(3) of the Laws of 1977, and WIS. ADM. CODE Chapter ATCP 134, are private or local laws and therefore violate Article IV, Section 18 of the Wisconsin Constitution.[3] We reject this argument.

"Sec. 18, art. IV of the Wisconsin Constitution is designed to protect the public from legislative enactment of statutes whose effect is unknown to legislators and to the people of the state." *Soo Line R.R. Co. v. DOT,* 101 Wis. 2d 64, 72, 303 N.W.2d 626, 630 (1981). "Section 18, art. IV . . . expressly prohibits a private or local bill from embracing more than one subject and requires the subject of the bill to be expressed in the title." *Id.* at 70, 303 N.W.2d at 629. Hence, our supreme court has held that:

> [A] legislative provision which is specific to any person, place or thing is a private or local law within the meaning of art. IV, § 18, unless: 1) the general subject matter of the provision relates to a state responsibility of statewide dimension; and 2) its enactment will have direct and immediate effect on a specific statewide concern or interest.

---

[3] Section 18, Article IV of the Wisconsin Constitution provides:

> Title of private bills. No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title.

*Milwaukee Brewers Baseball Club v. DHSS,* 130 Wis. 2d 79, 115, 387 N.W.2d 254, 269 (1986).

■

LaPlant characterizes WIS. ADM. CODE Chapter ATCP 134, promulgated by the Department of Agriculture, Trade, and Consumer Protection in February of 1980, as the "illegitimate offspring" of a study authorized by the legislature in § 923(3) of Chapter 418, Laws of 1977. We address the statute and the administrative regulation separately.

Section 923(3) provided:

> AGRICULTURE, TRADE AND CONSUMER PROTECTION. (a) Landlord-Tenant Study. The Department of Agriculture Trade and Consumer Protection shall conduct a landlord-tenant study to be completed on or before December 1, 1978. The legal research portion of the landlord-tenant study shall be conducted by the Department of Justice under the coordination of a limited term employe project coordinator provided to the Department of Agriculture, Trade and Consumer Protection.

LaPlant argues that § 923(3) was directed to one entity, the Department of Agriculture, Trade, and Consumer Protection, and therefore, it is private law violative of the state constitution. This argument is specious. Section 923(3) merely directed the Department to conduct a study which may or may not ultimately have affected a statewide class consisting of landlords and tenants. It is clear that the general subject matter of § 923(3) had a statewide dimension—the relationship between landlords and tenants throughout the state. *See Milwaukee Brewers Baseball Club,* 130 Wis. 2d at 115, 387 N.W.2d at 269. Further, the enactment of § 923(3) had a "direct and

immediate effect" on this statewide interest—it ordered the Department to conduct a study. *See id.* This portion of Chapter 418 of the Laws of 1977 was not an improper private bill.

LaPlant also argues that § 923(3) was an improperly titled bill that was buried in a budget bill without a definitive title, and that this violates Article IV, Section 18 of the Wisconsin Constitution. *See Soo Line R.R. Co.,* 101 Wis. 2d at 77, 303 N.W.2d at 632-33 ("The law cannot embrace more than one subject and the subject must be expressed in the title."). LaPlant is correct that § 923(3) was part of a larger budget bill enacted by the Wisconsin Legislature; however, § 923(3) was not a local or private bill and therefore it need not follow the titling dictates of the Wisconsin Constitution. In sum, § 923(3) does not violate Article IV, Section 18 of the Wisconsin Constitution.

LaPlant next argues that WISCONSIN ADM. CODE Chapter ATCP 134 is also violative of Article IV, Section 18 of the Wisconsin Constitution. He contends that this administrative code section was a sequela of the § 923(3) study and that it was nothing more than the previously-proposed and defeated landlord-tenant legislation that found its way into Chapter ATCP. We reject this argument because Chapter ATCP 134 was promulgated by the Department of Agriculture, Trade, and Consumer Protection approximately two years after passage of § 923(3) and under separate authority than § 923(3). WISCONSIN ADM. CODE Chapter ATCP 134 notes: "This chapter is adopted under authority of s. 100.20(2), Stats." *See* WISCONSIN ADM. CODE Chapter ATCP 134, note. Section 100.20(2), STATS., authorizes the Department to issue "general orders forbidding

421

methods of competition in business or trade practices in business which are determined by the department to be unfair." Hence, LaPlant's premise is erroneous— Chapter ATCP 134 was not enacted under the authority of § 923(3).

### B. Vagueness.

LaPlant next argues that WIS. ADM. CODE § ATCP 134.04(2)(b)(1)-(4) are unconstitutionally vague. [4] The unconstitutionality of an administrative rule "must be established beyond a reasonable doubt." *Richards*, 150 Wis. 2d at 939, 442 N.W.2d at 576. An administrative rule is unconstitutionally vague if it "is so obscure that

---

[4] WISCONSIN ADM. CODE § ATCP 134.04(2)(b)(1)-(4) provides:

(2) CODE VIOLATIONS AND CONDITIONS AFFECTING HABITABILITY. Before entering into a rental agreement or accepting any earnest money or security deposit from the prospective tenant, the landlord shall disclose to the prospective tenant:

. . . .

(b) The following conditions affecting habitability, the existence of which the landlord knows or could know on basis of reasonable inspection, whether or not notice has been received from code enforcement authorities:

1. The dwelling unit lacks hot and cold running water, plumbing or sewage disposal facilities in good operating condition.

2. Heating facilities serving the dwelling unit are not in safe operating condition, or are not capable of maintaining a temperature in the dwelling unit of at least 67F (19C) during all seasons of the year in which the dwelling unit may be occupied.

3. The dwelling unit is not served by electricity, or the electrical wiring, outlets, fixtures or other components of the electrical system are not in safe operating condition.

4. Any structural or other conditions in the dwelling unit or premises which constitute a substantial hazard to the health or safety of the tenant, or create an unreasonable risk of personal injury as a result of any reasonably foreseeable use of the premises other than negligent use or abuse of the premises by the tenant.

men of ordinary intelligence must necessarily guess as to its meaning and differ as to its applicability." *City of Milwaukee v. Wilson*, 96 Wis. 2d 11, 16, 291 N.W.2d 452, 456 (1980). A law does not have to attain the precision of mathematics or science since "a certain amount of vagueness and indefiniteness is inherent in all language." *Monroe v. Funeral Directors & Embalmers Examining Bd.*, 119 Wis. 2d 385, 391, 349 N.W.2d 746, 749 (Ct. App. 1984). An administrative rule will withstand a vagueness challenge if it is "sufficiently definite so that potential offenders . . . are able to discern when they are approaching the zone of proscribed conduct." *Schramek v. Bohren*, 145 Wis. 2d 695, 708, 429 N.W.2d 501, 506 (Ct. App. 1988).

LaPlant argues that the phrases "good operating condition," "safe operating condition," "substantial hazard to health and safety," and "disclose," which are peppered throughout WIS. ADM. CODE § 134.04(2)(b), are unconstitutionally vague. We disagree. From the ordinary meaning of these phrases, a landlord should not have difficulty determining when he or she is reaching the zone of conduct proscribed by the ordinance. Hence, the phrases are not unconstitutionally vague. *Id.*

We also deem meritless LaPlant's assertion that the Code provides insufficient standards for law officers to enforce it objectively. The Code sufficiently delineates landlord conduct that is violative, and provides clear standards for enforcement.

*C. Equal Protection.*

Finally, LaPlant argues that WIS. ADM. CODE Chapter ATCP 134 violates his equal protection rights

under the federal and state constitution. He correctly notes that the Wisconsin Supreme Court has held that Article I, Section 1 of the Wisconsin Constitution is substantially equivalent to the equal protection provisions of the Fourteenth Amendment. *GTE Sprint Communications Corp. v. Wisconsin Bell, Inc.,* 155 Wis. 2d 184, 193, 454 N.W.2d 797, 801 (1990) (stating the equal protection clauses of the Wisconsin and United States Constitutions are substantially similar). LaPlant argues that Chapter 134 ATCP violates equal protection in two ways: (1) it creates an unreasonable classification because it regulates landlords and not tenants; and (2) it creates an unreasonable distinction between residential landlords, regulated by the chapter, and commercial landlords, not regulated by the chapter. We reject his argument.

Unless a regulation affects a person's fundamental right or creates a classification based on a suspect class, this court uses the "rational basis test" in determining whether the regulation withstands an equal protection challenge. *See Szarzynski v. YMCA, Camp Minikani,* 184 Wis. 2d 875, 886, 517 N.W.2d 135, 139 (1994). Chapter ATCP 134 does not implicate a fundamental right, nor is it based on a suspect classification—therefore, the "rational basis test" applies.

Under the "rational basis test," we must uphold a legislative classification if any reasonable basis exists to justify that classification. To decide if there is any reasonable basis, the court is obligated to find or construct, if possible, a rationale that might have influenced the legislature and that reasonably upholds

legislative determinations. *K.C. v. DHSS*, 142 Wis. 2d 906, 916, 420 N.W.2d 37, 40 (1988).

The Department could reasonably distinguish between landlords and tenants in promulgating the code provisions. Regulation of a business's trade practices is a rational function of government, irrespective of any regulation of that business's customers. Further, a distinction between residential and commercial landlords is also rational given the differing nature of residential and commercial leases. There is no equal protection violation here.

*By the Court.*—Judgment affirmed.