COURT OF APPEALS
DECISION
DATED AND FILED

July 2, 2025

Samuel A. Christensen
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1176**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV1102

IN COURT OF APPEALS
DISTRICT II

DESSA BEARDEN, KYLE JENSEN, ANDREW JANNY, CORDARIO GOOCH,
JESSE ANDERSON AND KAREEM BEARDEN,

   PLAINTIFFS-APPELLANTS,

V.

WISCONSIN DEPARTMENT OF AGRICULTURE, TRADE, & CONSUMER
PROTECTION AND WISCONSIN DEPARTMENT OF JUSTICE,

   DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Waukesha County: MICHAEL J. APRAHAMIAN, Judge. *Affirmed.*

Before Neubauer, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Dessa Bearden and several other landlords (Appellants) appeal from an order granting summary judgment to the Wisconsin Department of Agriculture, Trade, & Consumer Protection (DATCP) and the Wisconsin Department of Justice (DOJ) with respect to Appellants' claims that several landlord-tenant regulations promulgated by the DATCP are facially unconstitutional or otherwise invalid. Because Appellants have not shown that the circuit court erred in granting summary judgment, we affirm.

## BACKGROUND

¶2 Appellants filed a complaint alleging that three regulations promulgated by the DATCP, WIS. ADMIN. CODE §§ ATCP 134.06(3), 134.06(4)(a), and 134.09(2) (through May 2025),[1] are void for vagueness under the Wisconsin Constitution. Appellants identified specific language in the regulations (bolded below) that, in their view, rendered them unconstitutionally vague:

- Section ATCP 134.06(3)(a)1.-2. and (c) permits a landlord to withhold from a security deposit amounts "**reasonably necessary**" to pay for, among other things, "**tenant damage, waste, or neglect** of the premises" and "[u]npaid rent for which the tenant is **legally responsible**." A landlord may not, however, withhold amounts for "**normal wear and tear**" or "other damages or losses for which the tenant cannot reasonably be held **responsible under applicable law**."

- Section ATCP 134.06(4)(a) requires a landlord who withholds a portion of a security deposit to provide "a written statement accounting for all amounts withheld" that must "**describe each item of physical damages or other claim** made against the security deposit, and the

---

[1] All references to WIS. ADMIN. CODE § ATCP are to the May 2025 register unless otherwise noted.

amount withheld as reasonable compensation for **each item or claim**."

- Section ATCP 134.09(2)(a)1. states that a landlord may not "[e]nter a dwelling unit during tenancy except to **inspect the premises, make repairs**, or show the premises to prospective tenants or purchasers …. A landlord may enter for the amount of time **reasonably required** to inspect the premises, make repairs, or show the premises to prospective tenants or purchasers."

- Section ATCP 134.09(2)(b)2.-3. permits a landlord to enter a dwelling during tenancy if "[a] **health or safety emergency** exists" or if "[t]he tenant is absent and the landlord **reasonably believes that entry is necessary** to protect the premises from damage."

¶3      Appellants also challenged the validity of another regulation, WIS. ADMIN. CODE § ATCP 134.08, which states that "a rental agreement is void and unenforceable if it does any of the following," and then lists certain prohibited terms. Appellants alleged that the regulation exceeded the DATCP's authority under WIS. STAT. § 100.20(2)(a) (2023-24)[2] to "issue general orders forbidding methods of competition in business or trade practices in business which are determined by the department to be unfair."[3]

¶4      With their complaint, Appellants filed a motion seeking a preliminary injunction to block enforcement of the regulations. The circuit court held a hearing on the motion in September 2023. After hearing argument from the parties, the court denied the motion, concluding that Appellants had not shown a

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

[3] The parties' briefs contain citations to the appendix filed with Appellants' principal brief, but these citations do not include parallel citations to the record items in the appendix. We remind the parties that our rules require citations directly to the record items themselves; citations to pages in an appendix only are not sufficient. *See* WIS. STAT. RULE 809.19(1)(d)-(e), (3)(a)2.; *Casey v. Smith*, 2013 WI App 24, ¶1 n.1, 346 Wis. 2d 111, 827 N.W.2d 917, *aff'd*, 2014 WI 20, 353 Wis. 2d 354, 846 N.W.2d 791.

reasonable probability of success in proving that the challenged regulations were unlawful. Because Appellants challenged the regulations on their face under the Wisconsin Constitution, the court stated that Appellants had to prove that they "operate[] unconstitutionally in all applications." *See Service Emps. Int'l Union, Local 1 v. Vos (SEIU)*, 2020 WI 67, ¶38, 393 Wis. 2d 38, 946 N.W.2d 35; *State v. Wood*, 2010 WI 17, ¶44 n.15, 323 Wis. 2d 321, 780 N.W.2d 63. The court concluded that Appellants could not make this showing, citing the persuasiveness of the DATCP's and the DOJ's arguments and Appellants' "implicit[] acknowledge[ment] that their challenge cannot survive the all applications test." Were it not bound to apply the "all applications" test, the court stated that it "would apply the test proposed by [Appellants]"—one that "subject[s] the regulations to heightened scrutiny" and asks "whether the language is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability." The court also determined that Appellants could not establish a reasonable likelihood of success on their claim that WIS. ADMIN. CODE § ATCP 134.08 exceeded the DATCP's statutory authority.

¶5 Following the hearing, Appellants amended their complaint to add claims that the regulations were vague under the federal constitution. They also filed a second motion for preliminary injunctive relief, focusing on the federal constitutional vagueness standards the circuit court indicated it would have applied absent *SEIU* and *Wood*. The court also denied this motion, concluding that "the additional claims do not materially change the [c]ourt's analysis in [denying] the first motion." By stipulation of the parties, the orders denying Appellants' preliminary injunction motions were converted into an order granting summary judgment to the DATCP and the DOJ.

4

**DISCUSSION**

¶6 On appeal, we review the circuit court's grant of summary judgment de novo. ***Quick Charge Kiosk LLC v. Kaul***, 2020 WI 54, ¶9, 392 Wis. 2d 35, 944 N.W.2d 598. "Summary judgment is appropriate when there is no genuine issue of material fact and 'the moving party is entitled to [a] judgment as a matter of law.'" ***Id.*** (quoting WIS. STAT. § 802.08(2)). Whether an administrative regulation is constitutional or exceeds an agency's statutory authority are issues of law that we review de novo. ***Wisconsin Builders Ass'n v. DOT***, 2005 WI App 160, ¶8, 285 Wis. 2d 472, 702 N.W.2d 433; ***Lundeen v. DATCP***, 189 Wis. 2d 255, 261, 525 N.W.2d 758 (Ct. App. 1994).

¶7 We first address Appellants' constitutional challenge to WIS. ADMIN. CODE §§ ATCP 134.06(3), (4)(a) and 134.09(2). As before the circuit court, Appellants argue that the regulations are vague under the state and federal due process clauses[4] because they do not "give ordinary persons fair notice of what is prohibited and invit[e] arbitrary enforcement." *See **State v. Hibbard***, 2022 WI App 53, ¶24, 404 Wis. 2d 668, 982 N.W.2d 105 (explaining that the vagueness doctrine aims "to ensure that our laws provide sufficient notice of what conduct is prohibited" and "provide those charged with enforcement of the law objective standards for doing so."). Appellants contend that the regulations, violations of

---

[4] *See* U.S. CONST. amend. XIV; WIS. CONST. art. I, § 1.

which are punishable as crimes under WIS. STAT. § 100.26(3), do not provide fair notice or ensure fair enforcement and are thus invalid on their face.[5]

¶8     The regulations in WIS. ADMIN. CODE ch. ATCP 134 are presumed to be constitutional. *State v. LaPlant*, 204 Wis. 2d 412, 418, 555 N.W.2d 389 (Ct. App. 1996).  To overcome this presumption, Appellants have the burden of showing that the regulations at issue here are unconstitutional beyond a reasonable doubt.[6] *See Wood*, 323 Wis. 2d 321, ¶15.  "This is no small wall to scale," *SEIU*, 393 Wis. 2d 38, ¶39, and here we conclude that Appellants cannot meet their burden.

¶9     The parties agree that Appellants raise a facial challenge to the constitutionality of the regulations but disagree about the legal standard that

---

[5] The DATCP and DOJ filed affidavits in the circuit court indicating that no violations of these regulations have been prosecuted criminally in the counties in which Appellants reside as far back as electronic records show.  We do recognize that there is a higher standard of definiteness in the criminal context. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982) ("The degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment" and also depends on whether there are civil or criminal penalties.); *Gross v. Woodman's Food Mkt., Inc.*, 2002 WI App 295, ¶56, 259 Wis. 2d 181, 655 N.W.2d 718.  However, Appellants have raised a facial challenge, and we are bound by our state supreme court precedent.

We further note that Appellants have not argued for severing the criminal penalties of the challenged regulations; they ask that we invalidate the regulations in their entirety, but they have not explained how we can reach that conclusion given the current status of Wisconsin caselaw.

[6] While we are bound by the "beyond a reasonable doubt standard" in construing the constitutionality of the regulations at issue here, we recognize that continued adherence to that standard in reviewing constitutionality challenges has been questioned, particularly with respect to an agency-promulgated regulation. *See generally Mayo v. Wisconsin Injured Patients & Fams. Comp. Fund*, 2018 WI 78, ¶¶68-97, 383 Wis. 2d 1, 914 N.W.2d 678 (Rebecca Grassl Bradley, J., concurring).  In her concurrence, Justice Rebecca Grassl Bradley explains how the "beyond a reasonable doubt standard" inadvertently found its way into our jurisprudence and the concerns with its continued use.  These concerns are even greater in applying that standard to agency regulations.

governs that challenge. Like the circuit court, we conclude that *SEIU* and *Wood* provide the applicable standard. In *SEIU*, our supreme court reaffirmed "that to successfully challenge a law on its face, the challenging party must show that the statute cannot be enforced 'under any circumstances.'" *SEIU*, 393 Wis. 2d 38, ¶38 (citation omitted). A decade earlier, in *Wood*, the supreme court acknowledged the applicability of this standard in the specific context of a facial challenge to a law as unconstitutionally vague. *Wood*, 323 Wis. 2d 321, ¶44 n.15 ("We note that generally, when a court reviews a facial vagueness challenge, provided it does not implicate protected conduct, a court upholds 'the challenge only if the enactment is impermissibly vague in all of its applications.'" (citation omitted)). The *SEIU* court described this standard as "not optional" and cited *Wood* in reaffirming the applicability of the "all applications" test to facial challenges. *SEIU*, 393 Wis. 2d 38, ¶¶38, 43 ("Parties casting the widest possible net and seeking the broadest possible remedy must make the maximum possible showing.").

¶10 Appellants contend that the "all applications" test no longer applies because the United States Supreme Court disavowed the proposition "that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp" in *Johnson v. United States*, 576 U.S. 591, 602 (2015). Even if we agreed with Appellants' reading of *Johnson*, we would still be bound to follow state precedent concerning the standards for facial vagueness challenges as set forth in *SEIU* and *Wood*. Indeed, we have recognized the continued applicability of the "all applications" test in cases decided after *Johnson*. *See Hibbard*, 404 Wis. 2d 668, ¶25. Appellants do not attempt to show that any of the regulations they challenge are incapable of constitutional application. Their facial challenges to the regulations therefore fail.

¶11     We turn next to Appellants' claim that WIS. ADMIN. CODE § ATCP 134.08 is invalid because it exceeds the DATCP's statutory authority.   The DATCP promulgated § ATCP 134.08 pursuant to authority granted to it under WIS. STAT. § 100.20(2)(a) to "issue general orders forbidding methods of competition in business or trade practices in business which are determined by the department to be unfair."   Appellants contend that § ATCP 134.08 exceeds that authority because it does not forbid any conduct but instead sets forth a legal consequence for rental agreements that contain prohibited terms.   In Appellants' view, "[t]o declare a kind of contract 'void and unenforceable' is not to forbid parties from entering one."   They contrast § ATCP 134.08 with other regulations promulgated by the DATCP which, in their view, prohibit conduct by identifying actions that landlords may not undertake.   *See, e.g.*, WIS. ADMIN. CODE § ATCP 134.07(3) (stating that "[n]o landlord shall fail to complete … cleaning, repairs[,] or improvements" by date specified by landlord and communicated to tenant except for certain enumerated reasons); WIS. ADMIN. CODE § ATCP 134.05(1) ("A landlord may not accept an earnest money deposit or security deposit from a rental applicant until the landlord identifies to the applicant the dwelling unit or units for which that applicant is being considered for tenancy.").

¶12     We are not persuaded that WIS. ADMIN. CODE § ATCP 134.08 exceeds the authority conferred on the DATCP by WIS. STAT. § 100.20(2)(a). That statute empowers the DATCP to prohibit unfair "methods of competition" and "trade practices."   Section ATCP 134.08 fits comfortably within that grant of authority.   It prohibits, as an unfair trade practice, the inclusion of certain provisions in rental agreements by declaring agreements that contain them "void and unenforceable."   The "conduct" the regulation proscribes is the inclusion of certain terms in rental agreements.   Our supreme court previously recognized as

much in ***Baierl v. McTaggart***, 2001 WI 107, ¶13, 245 Wis. 2d 632, 629 N.W.2d 277. That case dealt with a lease that required a tenant to pay the landlord's legal fees in any dispute arising under it, which was then prohibited by § ATCP 134.08(3) (through Apr. 1993) and is now prohibited in § ATCP 134.08(4). ***Baierl***, 245 Wis. 2d 632, ¶4. In holding that inclusion of the fee-shifting provision rendered the entire lease unenforceable by the landlord, our supreme court repeatedly described the regulation as prohibiting conduct. ***Id.***, ¶13 (stating that "[t]he *conduct* of inserting the clause into a lease constitutes the violation and is punishable by law" (emphasis added)); *see also **id.***, ¶22 ("The language of § ATCP 134.08(3) indicates that the prohibited *act* is the inclusion of a clause claiming to obligate the tenant to reimburse the landlord's costs and attorneys fees." (emphasis added)); ***id.***, ¶23 ("[T]he inclusion of the [fee-shifting] provision at issue [is] a prohibited *act* under § ATCP 134.08(3)." (emphasis added)). Though ***Baierl*** did not address the precise issue presented here, we agree with (and in any event are bound by) its descriptions of the regulation as prohibiting conduct and conclude that they apply equally to the other prohibited terms listed in the regulation.

¶13 Moreover, after our state supreme court in ***Baierl*** noted that WIS. ADMIN. CODE § ATCP 134.08 was "silent as to the effect of a violation on a residential lease" and that "[t]his silence renders the regulation ambiguous as to its effect, if any, on a lease that violates its provisions," ***Baierl***, 245 Wis. 2d 632, ¶24, the regulation was amended to explicitly include the "effect," or consequence, of a violation. It now provides that a violation renders the lease void and unenforceable. Thus, if regulations such as those at issue here include a consequence to avoid the ambiguity identified by the ***Baierl*** court, it would be

9

nonsensical to require them to include the seemingly redundant language that the conduct leading to the consequence is prohibited.

¶14 In addition, the DATCP and the DOJ note that a statute within the chapter governing landlord-tenant relations, WIS. STAT. § 704.44, bars the same lease terms as WIS. ADMIN. CODE § ATCP 134.08 and that another statute, WIS. STAT. § 704.95, states that "[p]ractices in violation of … [§] 704.44 may also constitute unfair methods of competition or unfair trade practices under [WIS. STAT. §] 100.20." We fail to see how the DATCP could lack authority under § 100.20 to prohibit by regulation those rental terms that are specifically made violations of § 100.20 by another statute. Along with ***Baierl***, these statutes defeat Appellants' challenge.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.