**W. D. RAY, Plaintiff and Appellant,**

**v.**

**NORTHERN SUGAR CORPORATION and The H. K. Ferguson Company, Defendants and Respondents.**

Civ. No. 8565.

Supreme Court of North Dakota.

Feb. 18, 1971.

Rehearing Denied March 30, 1971.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for plaintiff and appellant.

DePuy, Fair & O'Connor, Grafton, for defendants and respondents.

STRUTZ, Chief Justice, on reassignment.

The plaintiff commenced an action to foreclose a mechanic's lien on property located in Pembina, North Dakota, upon which the defendant Northern Sugar Corporation had erected a building. The work of constructing this building was done by the defendant Ferguson Company. The plaintiff was a subcontractor of Ferguson, and he performed certain work on the building during the course of construction.

The plaintiff in his complaint alleges that a written contract was entered into between the plaintiff and the defendant Ferguson Company relating to the work which plaintiff was to perform as such subcontractor. He further alleges that he has performed all of the conditions of the contract by him to be performed, including the furnishing of some additional labor and materials; that the defendant Ferguson Company has paid all that it agreed to pay under the contract, but that it has failed to pay for additional labor and materials furnished in the amount of $16,555.85; that the plaintiff, within the time provided by law, caused to be filed in the office of the clerk of the district court of Pembina County a notice of mechanic's lien and a verified account of plaintiff's lien against the defendants; and that the defendants thereafter caused to be served upon the plaintiff a written demand that an action be commenced within thirty days, as provided by law.

The answer of the defendant Northern Sugar Corporation admits, among other things, that it contracted with the defendant Ferguson Company to construct a beet sugar factory; admits that the defendant Ferguson Company subcontracted a portion of the work to the plaintiff; and alleges that the plaintiff has been paid in full.

The answer of the defendant Ferguson Company admits the contract with the defendant Northern Sugar Corporation; admits subcontracting part of the work of construction to the plaintiff; and alleges that the plaintiff has been paid in full under the subcontract.

After issue had been joined, the defendants moved for summary judgment and, in the alternative, for a separate trial.

In support of motion for summary judgment, the defendant Ferguson Company submitted the following documents: the subcontract with exhibits attached, including an instrument which provides, among other things, that if the plaintiff accepts final payment of the contract price, it shall be a release of all claims for anything done or relating to the work in the subcontract; certificate for final payment, dated June 30, 1964, together with an accounts-payable voucher signed by the plaintiff setting forth the payment due the plaintiff with a deduction of $653 from the final payment; and two written documents dated July 30, 1964, also signed by the plaintiff, authorizing the defendant to deduct $578 from the final payment to cover costs of calking and a butyl rod which the plaintiff had not furnished and $75 for the rubbing of a wall, as required by the subcontract.

Also submitted is an affidavit of C. T. Johnson, setting forth the subcontract with the plaintiff, and stating: that a claim had been made by the plaintiff for certain damages in the amount of $16,555.85, dated January 25, 1964, and that a conference

had been held in Drayton on such claim of the plaintiff on May 12, 1964, after which the plaintiff was advised that his claim for such damages was being rejected, and that at the conference it was agreed that certain of the work under the subcontract would not be performed by the plaintiff and the cost of such work would be deducted from the balance due on the subcontract; that thereafter, by July 30, 1964, the work on the subcontract had been fully completed and the plaintiff signed a certificate requesting final payment under the subcontract, and at the same time the plaintiff signed written authorization for the deduction of the sums of $75 and $578, and that these amounts were deducted from the subcontract price of $60,575 [given as $60,570 in other instruments], on which there previously had been paid a total of $50,634.50, leaving a balance for final payment of $9,282.50; that thereafter the defendant Ferguson Company sent to the plaintiff its check in full payment of such balance, on the face of which appeared in red ink, "FINAL PAYMENT per W. D. RAY INVOICE #4 Dated July 30, 1964," and submitted with such payment was an accounting of the total contract price, minus amounts previously paid and minus the deductions which had been authorized by the plaintiff in writing, leaving a final balance for payment of $9,282.-50; and that the check for final payment was mailed to the plaintiff and the plaintiff endorsed and cashed it.

The plaintiff presented no evidence, either in the form of an affidavit or otherwise, in opposition to the motion for summary judgment. He merely points out in a brief, submitted in opposition to the granting of the motion for summary judgment, that in order for the court to grant summary judgment it would be necessary for the court to accept the documents which the defendants submitted as being identified and authenticated; that the court would have to accept the signatures on the documents as being genuine; that the court would have to accept the contents of the Johnson affidavit as being true and irrefutable; and that the court, by granting summary judgment, would deny the plaintiff the right to cross-examine witnesses including C. T. Johnson, who had signed the affidavit setting forth the allegations upon which the defendant Ferguson Company relies on its motion for summary judgment.

Thus, the plaintiff asserts, there are matters which must be proved in a trial of the case, and the motion for summary judgment should be denied.

On the above record, the trial court granted the defendants' motion for summary judgment, and the plaintiff takes this appeal.

Our Rules of Civil Procedure provide for the granting of summary judgment. Rule 56(b) provides that a party against whom a claim is asserted may move at any time with or without supporting affidavits, for summary judgment. Rule 56(e) provides, in part:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The summary judgment procedure provided for by our rule is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. The language of the rule is clear. It strikes at the very core of a party's claim and provides that, as a matter of law, the party moving for summary judgment upon admitted or established facts is entitled to prevail, where the other party fails to make any showing that there is a genuine issue for trial.

718

Summary judgment is not intended to be, nor should it be used as, a substitute for the trial of disputed issues of fact. The court will not try the facts on a motion for summary judgment but will only determine whether there are any issues of fact to be tried.

■ The party who moves for summary judgment has the burden of clearly showing that there is no issue of fact to be determined. Titus v. Titus, 154 N.W.2d 391 (N.D.1967); Mondy v. Gjesdal, 123 N.W.2d 33 (N.D.1963); Temme v. Traxel, 102 N.W.2d 1 (N.D.1960).

■ Under these principles of law, what showing have the defendants made in support of their motion for summary judgment? They have set forth, by affidavit, the subcontract and its clause which provides that if the subcontractor accepts final payment under the subcontract, that would be a release of all claims and anything done or related to the work under the subcontract. The defendants further, by affidavit, have stated that the plaintiff made a claim for damages in the sum of $16,555.-85, and that a conference was held on such claim and the claim thereafter was denied and the plaintiff was advised of this denial; that the plaintiff thereafter accepted final payment under the contract, which payment is established by the affidavit and by the check on which the words "FINAL PAYMENT" appears in red ink; and that the words "FINAL PAYMENT" appear in three places on the accounts-payable voucher attached to the check.

The plaintiff did not present any evidence, by affidavit or otherwise, denying the defendant Ferguson Company's assertions. It is clear that a hearing on a motion for summary judgment is not a trial on the merits, and that the court, on such motion, should not try to resolve conflicting issues. But, when the defendants moved for summary judgment and presented their showing in support thereof by affidavit and by other written documents, it became incumbent upon the plaintiff to

controvert the defendants' statements or showing. He could not rest upon the mere allegations of his complaint. His response, by affidavit or otherwise, as provided by the rules, had to set forth specific facts showing that there was a genuine issue for trial. Rule 56(e), N.D.R.Civ.P. He failed to do this, and summary judgment was properly entered against him.

For reasons stated in this opinion, the summary judgment appealed from is affirmed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.