Lee R. VIALL and Robert Viall, Appellants,

v.

TRIANGLE ELECTRIC, INC., et al.,
Respondents.

Civ. No. 8859.

Supreme Court of North Dakota.

Aug. 10, 1973.

Rehearing Denied Oct. 8, 1973.

See also N.D., 204 N.W.2d 390.

Anseth & Rustad, Williston, for appellants.

McIntee & Whisenand, Williston, for respondents.

TEIGEN, Judge.

The plaintiffs (hereinafter the Vialls) have appealed from a summary judgment dismissing their complaint on the merits and with prejudice.

By their complaint the Vialls seek damages for the alleged breach of a contract to purchase approximately 2,700 acres of land, together with machinery, supplies, equipment, cattle and other property located thereon or connected therewith, for the sum of $277,550, payable $80,000 in cash and the balance in twenty-five equal annual installments, with interest at 5½% per annum.

The Vialls allege that an oral agreement of sale was entered into and that a contract was drawn in accordance with the agreement, which contract was signed by

the Vialls. They also allege that the defendants took possession and assumed complete control of all of said property, after the oral agreement was made, and retained it for a period of approximately one month, at which time they advised the Vialls that they refused to comply with the oral agreement or to sign the proposed contract, and relinquished all incidents, ownership and control of the property back to the Vialls.

The complaint also alleges that the defendants, Dennis and Harold Hoffelt, are the major stockholders of the defendant, Triangle Electric, Inc., and that they negotiated for the purchase of said property, both for themselves individually and in their capacity as officers and major stockholders of Triangle Electric, Inc.

The defendants, answering separately, deny the allegations of the complaint, alleging that it fails to state a cause of action. They admit that the defendant, Triangle Electric, Inc., is a North Dakota corporation and that Dennis and Harold Hoffelt are the principal officers and stockholders of the corporation. The answers also allege several affirmative defenses, the nature of which are unimportant except for the third affirmative defense. It alleges that even if the allegations contained in plaintiffs' complaint are true and correct, the alleged contract is void and unenforceable as to any of the parties because it is contrary to the express provision of the law and is void as being against public policy. This defense is premised on the Corporate Farming Law (Chapter 10–06, N.D.C.C.), Triangle Electric, Inc., being a business corporation and not a co-operative corporation which would be exempt from said law under Section 10–06–04, N.D.C.C. This law, they argue, prohibits a business corporation from purchasing agricultural land. There is no claim that the land involved is not agricultural land as defined in Chapter 10–06, N.D.C.C.

After issue was joined the Vialls moved for summary judgment on the single issue of liability, directed to the third affirmative defense of the defendants' answers. In other words, the sole issue raised by the motion was for the purpose of determining whether the Corporate Farming Law prohibits a business corporation from purchasing agricultural lands. Further, if the Corporate Farming Law prohibits a business corporation from purchasing agricultural land, may it not, nevertheless, be liable in damages for a breach of such contract? The motion was supported by the affidavit of the attorney who drew the proposed contract of sale.

The defendants resisted the motion and moved for a summary judgment of dismissal of the action. The resistance and motion are supported by the separate affidavits of Dennis and Harold Hoffelt.

The motions were heard on the same day. No additional proof was submitted by any of the parties. Although the Vialls resisted the motions of the Hoffelts and Triangle Electric, Inc., for a summary judgment of dismissal, they submitted no oral testimony, affidavits, interrogatories, depositions or admissions in support of their resistance to the defendants' motion for summary judgment. The court took the matter of both motions under advisement and later issued its order dismissing the Vialls' motion for summary judgment on the issue of liability alone, and granted the defendants' motion for summary judgment of dismissal of the action. No memorandum opinion was filed and the order for a summary judgment contains no statement of the material facts or the law upon which it is based. The order states only that the pleadings, proofs and arguments disclose that there is no genuine issue as to any material fact and that summary judgment should be rendered against the moving party and in favor of the defendants.

The transcript of the summary judgment proceedings discloses colloquy between the trial court and the attorneys for the respective parties. It appears from this transcript that the trial court questioned

whether summary judgment procedure was the proper procedure to employ for the purpose of causing one of several defenses to be stricken from an answer, and suggested that the motion should probably have been made under Rule 12(f), N.D.R. Civ.P., which rule provides for a motion to strike an insufficient defense from a pleading. However the trial court agreed to allow in evidence the Vialls' proof in support of their motion, whereupon they offered, and the court received, the affidavit of the attorney who had drawn the proposed contract.

Although the court also offered the Vialls an opportunity to submit rebuttal testimony to the proofs submitted by the defendants in support of their motion for a summary judgment of dismissal, none was offered and both parties rested, relying entirely upon the three affidavits heretofore alluded to in support of and in resistance to the respective motions.

The trial court not having indicated the basis of its decision, we are at a loss to know what theory of law was applied in making its decision. It appears from the briefs of the respective parties, oral argument having been waived, that the trial court's decision is based on its conclusion that a business corporation, not exempt under the Corporate Farming Law as a qualified co-operative corporation, is prohibited by law from acquiring agricultural lands and thus the alleged contract was null, void and contrary to public policy and no liability for its breach ensues.

Under the circumstances we cannot assume that the issues argued on this appeal have any bearing whatsoever on the reasons for the trial court's decision.

The motion of the defendants for summary judgment does not allude to the third affirmative defense of the answers. The affidavits of Dennis and Harold Hoffelt aver that they, as individuals, or as agents or officers of Triangle Electric, Inc., never contracted to purchase the Vialls' property, nor did they, or either of them, ever take possession or assume any control or ownership over the property or any part thereof, nor did they pay any consideration to the Vialls for the property. They admit that there were negotiations for the purchase but aver that when the proposed contract was submitted to them, they, for various reasons set forth in their affidavits, decided not to purchase the property and advised the Vialls, by or through their attorney, that they were no longer interested in purchasing the property and terminated all further negotiations pertaining thereto.

They also aver that Harold Hoffelt is the president of Triangle Electric, Inc., and that Dennis Hoffelt is an officer, but specifically deny that Triangle Electric, Inc., or its board of directors, ever made a decision to purchase the property or to enter into a contract, oral or otherwise, for its purchase, or that it ever moved into possession, assumed any control or ownership of any part or portion thereof, or paid any consideration therefor.

The averments of these affidavits were not rebutted, unless the affidavit of the attorney for the Vialls, submitted in support of their motion for a summary judgment on the question of liability alone, is considered as an affidavit in resistance to the defendants' motion for a summary judgment of dismissal. In this affidavit the Vialls' attorney avers that he represented the Vialls in negotiations for the sale of the property to Dennis and Harold Hoffelt, as individuals, and that the initial agreement called for a sale of the property to them and a third person not a party to the action; that he drew a proposed contract and sales agreement and presented it to the attorney representing the defendants. He avers that the attorney representing the defendants advised him that he was satisfied with the contract as proposed except that Triangle Electric, Inc., should be substituted as the named purchaser. Following this conversation the attorney for the Vialls redrew the contract to incorporate this change. He then caused the contract to be signed by the Vialls and delivered it to

Dennis Hoffelt "while he remained in possession of the real estate, personal property and other assets" described in the contract. This is the only evidence submitted in support of the claim that the defendants took possession, if it can qualify under the summary judgment rule.

One of the several affirmative defenses pleaded by the defendants is the Statute of Frauds, which requires a contract of this type to be in writing. Section 9-06-04(4), N.D.C.C. Although the complaint may be construed to plead partial performance in order to invoke the equity jurisdiction of the court to afford relief from the effect of the Statute of Frauds by alleging that the defendants took full possession of the property, employed a manager to operate it, caused the electrical service to be transferred to the name of Triangle Electric, Inc., fed cattle described in the contract, and assumed all incidents of control and management of the ranching unit, we find there is no averment in the affidavit to support these allegations. In fact, the affidavit makes no assertion of partial performance on the part of Triangle Electric, Inc., or by Harold Hoffelt or Dennis Hoffelt, either jointly or individually, and we cannot conclude from the language of the affidavit that the material facts averred in the affidavits in support of the motion for summary judgment to dismiss are controverted. Furthermore, the affidavit was made by the attorney for the Vialls and not by the Vialls themselves. Rule 56(e), N.D.R.Civ.P., requires that supporting and opposing affidavits shall be made on personal knowledge of the facts set forth therein and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The affidavit does not state that the attorney was an agent in charge of the property or that he was employed to do anything except legal work. It does not show that he is competent to testify to any acts of partial performance. The rule also provides that when a motion is supported by affidavit the adverse party may not rest upon the allegations of his pleading, but his response by affidavits, or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. Ray v. Northern Sugar Corporation, 184 N.W.2d 715 (N.D.1971).

A study of the material submitted does not, in our opinion, controvert the material averments of the affidavits submitted in support of the motion for a summary judgment of dismissal. These affidavits affirmatively aver that none of the defendants ever moved into possession or assumed any control or ownership of any part or portion of the property owned by the Vialls. Further, they had not entered into an agreement, either oral, written or otherwise, to purchase any property from the Vialls. They further aver that they have paid no consideration and have signed no contract. It appears to us that no contract came into existence and, therefore, no breach of contract occurred upon which liability for damages could be premised.

In view of this determination we find that the trial court was correct in dismissing the action. Whether it did so for the right reasons we do not know. We see no reason, under the circumstances, to pass on the legal question presented by the specifications of error and the arguments presented as it would not be determinative of the case. Should the third affirmative defense be stricken from the answer there would still remain for determination the remaining affirmative defenses and the general denial contained in the answers to the plaintiffs' complaint. Because the defendants' motion for a summary judgment of dismissal is not premised on the third affirmative defense that the contract, if any, would be null, void and contrary to public policy, we cannot assume that the trial court based its decision on that theory but, in the interest of expediting justice, we affirm the summary judgment for the reasons set forth herein. The granting of defendants' summary judgment for dismissal makes the issue raised by the Vialls' motion moot.

Summary judgment of dismissal is affirmed.

ERICKSTAD, C. J., and PAULSON, KNUDSON and VOGEL, JJ., concur.