Mildred JOHNSON, Individually, and on behalf of all shareholders of Community Development Corporation of Wahpeton, similarly situated, Plaintiff and Appellant,

v.

COMMUNITY DEVELOPMENT CORPO-RATION OF WAHPETON, a corporation, et al., Defendants and Appellees.

Civ. No. 9014.

Supreme Court of North Dakota.

Oct. 31, 1974.

Johnson, Milloy, Eckert & Johnson, Ltd., Wahpeton, for plaintiff and appellant.

Colin A. Bailey, Wahpeton, for defendants and appellees.

PAULSON, Judge.

This is an appeal from a summary judgment granted by the Richland County District Court in favor of the appellee, Community Development Corporation of Wahpeton [hereinafter CDC] and its directors, dismissing the complaint of the appellant, Mildred Johnson, individually, and on behalf of all shareholders of Community Development Corporation of Wahpeton, similarly situated [hereinafter Mrs. Johnson]. CDC is a corporation formed to encourage industrial and commercial growth and development within the City of Wahpeton and its surrounding trade territory. In March of 1973, Frontier, Incorporated, a West Fargo manufacturing firm, informed CDC that Frontier, Inc. was interested in moving its operation to Wahpeton. The factual context involved herein concerns the efforts of CDC to secure a Small Business Administration [hereinafter SBA] guaranteed loan for the construction of a building which would be leased by CDC to Frontier, Inc. in order to facilitate Frontier, Inc.'s move to Wahpeton.

On July 5, 1973, after making a preliminary investigation, the board of directors of CDC held a special meeting to discuss the Frontier, Inc. project. A motion was made and passed that CDC should aid Frontier, Inc.'s "move to Wahpeton using all the means at our disposal". Both parties to this appeal agree that proper notice of the July 5, 1973, meeting was not given to the board members in accordance with the CDC bylaw and § 10–19–43, of the North Dakota Century Code. A similar special meeting was called on September 4, 1973. Once again, proper notice of the meeting was not given. At the September 4, 1973, meeting the board of directors adopted a resolution that CDC would "pursue with all diligence the securing of an SBA Loan and to cooperate with Frontier, Inc. and SBA in securing said loan". On September 17, 1973, at a regularly scheduled meeting, the board of directors passed a resolution which read in pertinent part:

"That this Resolution confirms and ratifies all action taken by Community Development Corporation of Wahpeton, at that special meeting of September 4, 1973."

The application for an SBA loan was not authorized by the board of directors of CDC until its regular board meeting held on October 29, 1973.

In a verified complaint filed on September 18, 1973, Mrs. Johnson alleged that the meetings of July 5, 1973, and September 4, 1973, were illegal, null, and void for lack of proper notice and that any actions taken by the board of directors of CDC at said meetings were illegal, null, and void; and were invalid and of no binding effect on the corporation. Mrs. Johnson further alleged that the actions of the board of directors concerning the Frontier, Inc. project constituted lack of due care, breach of good faith, negligence, and carelessness. Mrs. Johnson filed an amended verified complaint on October 17, 1973, which was substantially the same as the original verified complaint. It should be noted that Mrs. Johnson has conceded before this court that CDC ratified the action taken at the September 4, 1973, meeting by the resolution adopted at the meeting of September 17, 1973.

On November 30, 1973, CDC filed a motion for summary judgment on the ground that no genuine issue as to any material fact existed and that CDC was entitled to judgment as a matter of law. At the hearing on the motion on December 10, 1973, the Honorable Wallace E. Warner granted summary judgment in favor of CDC. In reaching this decision, the district court stated:

"The Board of Directors ratified and confirmed past irregularities in their meetings by their meeting of September 17. This Court is not going to substitute its judgment for the judgment of the Board of Directors. The Board of Directors are chosen in whatever manner they're chosen, and this Court is not going to substitute its judgment as the wiseness and unwiseness of loans for the actions of a board of directors."

During the course of the hearing on the motion for summary judgment, Mrs. Johnson moved to amend her affidavit in opposition to such motion. The trial court denied the motion to amend the affidavit.

The sole question on this appeal is whether on the pleadings, affidavits, and showing made before the district court the appellee is entitled to a summary judgment.

In the case before us, Mrs. Johnson raises two factual issues: (1) Is there a genuine issue of material fact as to the ratification by the actions taken by the board of directors at the meeting of July 5, 1973; and, (2) Is there a genuine issue of material fact as to the allegations that the actions by the board of directors constituted lack of due care and breach of good faith?

■■■ There is no genuine issue of material fact as to the ratification of the action of the board of directors at the meeting of July 5, 1973. Although Mrs. Johnson argues that the meeting was illegal and that all subsequent actions taken by the board of directors in reliance thereon are null and void, we do not agree. It is the position of this court that CDC ratified the actions taken at the July 5, 1973, meeting both by an express vote to that effect on September 17, 1973, and impliedly by actions of the board of directors leading to final approval of the loan application at a regular board meeting held on October 29, 1973. In 2 Fletcher, Cyclopedia of the Law of Private Corporations (Perm.Ed.) § 429, at page 290, it is stated:

"Thus, acts of directors at a meeting which was illegal because of want of notice may be ratified by the directors at a subsequent legal meeting, or by the corporation's course of conduct . . ."

Fletcher, *supra*, further states in § 762, at pages 1073–1074:

"Ratification by directors may be by an express resolution or vote to that effect,

or it may be implied from adoption of the act, acceptance of benefits or acquiescence. Ratification may be effected by a resolution or vote of the board of directors expressly ratifying previous acts either of corporate officers or agents; but it is not necessary, ordinarily, to show a meeting and formal action by the board of directors, in order to establish a ratification."

In American Casualty Co. v. Dakota Tractor and Equipment Co., 234 F.Supp. 606, 611 (D.N.D.1964), the court stated:

"Moreover, the unauthorized acts of an officer of a corporation may be ratified by the corporation by conduct implying approval and adoption of the act in question. Such ratification may be express or may be inferred from silence and inaction."

Therefore, as a matter of law, both by express and implied actions, the board of directors of CDC has ratified the actions taken by the board at the meeting of July 5, 1973.

■ There is no genuine issue of material fact as to the propriety of the actions taken by the board of directors. Although this court is reluctant to uphold a summary judgment where questions of negligence and due care are raised, we find that, in the case at bar, Mrs. Johnson's verified complaints and her affidavit fail to allege any acts which amount to anything more than a difference in judgment between the board of directors and Mrs. Johnson. In Ray v. Northern Sugar Corporation, 184 N.W.2d 715 (N.D.1971), in paragraph 2 of the syllabus, this court held:

"When a motion for summary judgment is made and supported, as provided in the rule for summary judgment, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not

do so, summary judgment shall be entered against him, if appropriate. Rule 56(e), N.D.R.Civ.P."

Pursuant to Rule 56(e), N.D.R.Civ.P., it is incumbent upon Mrs. Johnson to show that a genuine issue of material fact exists. In the instant case, at the time Mrs. Johnson filed her verified complaint and amended verified complaint, the board of directors of CDC had taken no final action regarding the application for an SBA loan. While Mrs. Johnson alleges that irregularities had occurred in the past, her allegation has no effect in the case at bar. We believe that Mrs. Johnson was premature in bringing this action against CDC, since no final action had been taken. At this stage of the loan application process, it is impossible to evaluate the actions of the board of directors, since such actions were preliminary and had not been finalized.

■ We hold that Mrs. Johnson failed to raise a genuine issue of material fact as to the propriety of the actions of the CDC board of directors. In Lang v. General Motors Corporation, 136 N.W.2d 805, 807 (N.D.1965), this court stated:

"If no material issue of fact is raised by the pleadings and the showing of the parties, the court may properly grant a motion for summary judgment."

Although the moving party under Rule 56, N.D.R.Civ.P., has the burden of demonstrating clearly that no genuine issue of material fact exists for trial, it is impossible for the movant to fulfill this burden where no issues of material fact are raised by the adverse party.

■ In Viall v. Triangle Electric, Inc., 211 N.W.2d 185, 188 (N.D.1973), this court stated:

"Rule 56(e), N.D.R.Civ.P., requires that supporting and opposing affidavits shall be made on personal knowledge of the facts set forth therein and shall show affirmatively that the affiant is compe-

tent to testify to the matters stated therein."

The affidavit in support of the motion for summary judgment states that the vice president of CDC, of his own personal knowledge, knows that any alleged deficiencies in procedural matters were corrected by ratification of the board of directors at the general meeting of September 17, 1973, and that all financial statements necessary to fulfill the requirements of the SBA had been submitted as of the date of the affidavit. He was therefore competent to testify as to the facts stated in his affidavit.

■ Mrs. Johnson's complaint, amended complaint, and supporting affidavit are general rather than specific in nature and they do not contain evidentiary facts, but only state conclusions. Her affidavit in opposition to summary judgment is a capsulated reiteration of the general allegations contained in the complaint and amended complaint, and does not exhibit personal knowledge of the facts or the competency to testify as to such facts. Furthermore, the allegations contained in Mrs. Johnson's pleadings, in addition to being generalized conclusions, do not controvert the material averments by CDC, and do not, as a matter of law, raise a genuine issue of material fact.

■ In addition to the factual issues in dispute, Mrs. Johnson raises a procedural issue: Did the trial court err in refusing to allow amendment of the affidavit in opposition to the motion for summary judgment? Rule 56(e), N.D.R.Civ.P., permits amendments to be made at the discretion of the trial court:

"The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits."

The court believes that the following excerpt from 73 Am.Jur.2d, Summary Judgment § 19, at page 741, provides a concise synopsis of the issue in question:

"The amendment of affidavits for or against a motion for summary judgment is permissible if the opposing party will not be prejudiced. Permitting the amendment is, however, discretionary with the trial court and not reviewable in the absence of an abuse of discretion, although such discretion should be exercised with caution."

It is the position of this court that although amendment of affidavits is permitted by Rule 56(e), N.D.R.Civ.P., there was no abuse of discretion on the part of the trial court in denying Mrs. Johnson's motion to amend.

In Wolff v. Light, 169 N.W.2d 93, 96 (N.D.1969), this court stated:

"A summary judgment is based upon pleadings, depositions, admissions, affidavits, and interrogatories, and *inferences to be drawn therefrom.*" [Emphasis ours.]

In the instant case, the inferences that could be drawn from the evidence presented to the trial court do not establish a genuine issue of fact on any of the issues raised by Mrs. Johnson.

We therefore hold that there remains no justiciable issue of fact to be tried and that the trial court properly granted CDC's motion for a summary judgment.

The judgment is accordingly affirmed.

ERICKSTAD, C. J., and KNUDSON, VOGEL and JOHNSON, JJ., concur.