Monroe SWAN, Plaintiff-Appellant,

v.

Douglas LaFOLLETTE and James Doyle, Jr.,
Defendants-Respondents.

Court of Appeals

*No. 99–0127. Submitted on briefs October 8, 1999.—Decided
November 24, 1999.*

(Also reported in 605 N.W.2d 640.)

634

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Monroe Swan, pro se.*

On behalf of the defendants-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Peter C. Anderson*, assistant attorney general.

Before Dykman, P.J., Eich and Vergeront, JJ.

¶ 1. VERGERONT, J. Monroe Swan filed this action against the secretary of state and the attorney general after he was denied the opportunity to become a notary public due to prior federal felony convictions. The complaint requested a declaratory ruling that the 1996 amendment to article XIII, section 3 of the Wisconsin Constitution prohibiting convicted felons from holding an office of public trust is a violation of the United States Constitution and therefore invalid. Swan appeals the trial court's order dismissing the complaint for failure to state any claim. We conclude the amendment is not an ex post facto law and is not in

violation of the Equal Protection or Due Process clauses of the United States Constitution, and we therefore affirm.

## BACKGROUND

¶ 2. The amendment to article XIII, section 3 restricts persons convicted of a felony and certain misdemeanors in any court within the United States from holding offices of public trust unless pardoned of the conviction.[1] Prior to this amendment, which was ratified on November 5, 1996, the section restricted persons convicted of any "infamous" crime from holding such offices.[2]

¶ 3. The complaint alleged that after ratification of the amendment, Swan, who had previously been convicted of federal felonies, requested application materials from the Wisconsin Secretary of State's office to become a notary public. Along with the application materials, Swan received a notice to all applicants, which stated that a notary public commission would be denied to all persons who had been convicted of a felony and had not received a pardon. The complaint asserted

---

[1] WISCONSIN CONST. art. XIII, § 3(2) currently provides:

> No person convicted of a felony, in any court within the United States, no person convicted in federal court of a crime designated, at the time of commission, under federal law as a misdemeanor involving a violation of public trust and no person convicted, in a court of a state, of a crime designated, at the time of commission, under the law of the state as a misdemeanor involving a violation of public trust shall be eligible to any office of trust, profit or honor in this state unless pardoned of the conviction.

[2] Prior to the 1996 amendment, WIS. CONST. art. XIII, § 3 provided, in pertinent part:

> [N]o person convicted of any infamous crime in any court within the United States . . . shall be eligible to any office of trust, profit or honor in this state.

that the amendment was an "ex post facto" law[3] in that before the amendment, Swan would have been eligible for a notary public commission because the crimes of which he was convicted were not "infamous" crimes. The complaint also asserted that, because the felonies were federal crimes and he could not be pardoned for them by the governor of the State of Wisconsin, the amendment denied him equal protection of the law, as guaranteed by the United States Constitution. The respondents filed a motion to dismiss for failure to state a claim, and the circuit court granted the motion.[4]

## DISCUSSION

¶ 4. Swan contends the circuit court erred in granting the motion to dismiss because the complaint does state a claim for a violation of the prohibition against ex post facto laws and a violation of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution.

¶ 5. Whether a complaint states a claim is a question of law, which we decide de novo, although we benefit from the trial court's analysis. *See Williams v. Security Sav. & Loan Ass'n*, 120 Wis. 2d 480, 482, 355 N.W.2d 370, 372 (Ct. App. 1984). In reviewing a motion to dismiss, we construe the complaint liberally: we

---

[3] Ex post facto laws are prohibited by U.S. CONST. art. I, § 9. The comparable provision in the Wisconsin Constitution is WIS. CONST. art. I, § 12.

[4] The complaint also asserted that because Swan could not obtain a pardon from the governor, the amendment denied him a remedy in violation of article I, section 9 of the Wisconsin Constitution. The trial court dismissed this claim as well, but Swan does not pursue it on appeal.

assume the facts pleaded are true, and we draw all reasonable inferences in favor of the plaintiff. *See Stefanovich v. Iowa Nat'l Mut. Ins. Co.*, 86 Wis. 2d 161, 164, 271 N.W.2d 867, 868–69 (1978). In this case, we assume that Swan's felony convictions were not "infamous" crimes under article XIII, section 3 before its amendment,[5] and he was therefore not affected by the section before the amendment.

■

¶ 6. The ex post facto clause prohibits any law that "punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed." *State v. Thiel*, 188 Wis. 2d 695, 703, 524 N.W.2d 641, 644 (1994). Swan contends that because the 1996 amendment put him at a disadvantage based on his prior convictions, the amendment has made his punishment for the previously committed crimes more burdensome.

■

¶ 7. Laws that place a person convicted of a crime at a disadvantage are not necessarily ex post facto laws. *See id.* at 703–04, 524 N.W.2d at 644. As stated in *Thiel*, 188 Wis. 2d at 704, 524 N.W.2d at 644 (quoting *Wisconsin Bingo Supply and Equip. Co. v. Wisconsin Bingo Control Bd.*, 88 Wis. 2d 293, 305, 276 N.W.2d 716, 721 (1979)):

---

[5] This assertion contains a legal conclusion as well as factual allegations. Since the complaint does not specify the nature of the felony convictions, we are unable to resolve the legal issue, but it is not necessary that we do so. We accept the assertion as true for purposes of this decision.

> The question in each case where unpleasant conse-
> quences are brought to bear upon an individual for
> prior conduct, is whether the legislative aim was to
> punish that individual for past activity, or whether
> the restriction of the individual comes about as a
> relevant incident to a regulation of a present situa-
> tion. . . .

Therefore, "the mere fact that a prior conviction is a predicate of the current sanction does not render the current sanction punishment for the past offense." *State v. Carpenter*, 197 Wis. 2d 252, 274, 541 N.W.2d 105, 113 (1995) (citing *Thiel*, 188 Wis. 2d at 703–05, 524 NW.2d at 644–45).

¶ 8. In *Thiel*, the supreme court considered § 941.29, STATS., which prohibits convicted felons from possessing firearms. Thiel had been convicted of a fel-ony eleven years before § 941.29 was enacted. He argued the statute was an ex post facto law because it imposed an additional punishment on him by altering the situation to his disadvantage. The court rejected this argument and concluded the intent of the statute was not to punish convicted felons, but, rather, to pro-tect public safety, and the restriction on a convicted felon's ability to possess firearms was incident to this regulatory purpose. *See Thiel*, 188 Wis. 2d at 706–07, 524 N.W.2d at 645.

██

¶ 9. In deciding whether the intent of the 1996 amendment to article XIII, section 3 of the Wisconsin Constitution is to punish convicted felons, we look to the plain language of the provision both before and after the amendment as evidence of the legislature's intent. *See Carpenter*, 197 Wis. 2d at 269–70, 541 N.W.2d at 112. We conclude the amendment is not intended to punish felons. Rather, we conclude, as did

the trial court, that the purpose of WIS. CONST. art. XIII, § 3 is to maintain public confidence in government officials, and the amendment is intended to serve that purpose as well.

¶ 10. Article XIII, section 3 of the Wisconsin Constitution is titled "Eligibility to office." Subsection (1) restricts members of congress and individuals who hold an office of profit or trust under the United States from holding such an office in this state. It is evident that the purpose of this subsection is to assure the unbiased integrity of our state government officials, not to punish federal officials. As stated earlier, subsec. (2) now restricts individuals convicted of a felony or of a misdemeanor involving a violation of public trust from holding a state office of trust, profit or honor. Again, it is evident the purpose of this subsection is not to punish those excluded from public office, but to reduce the risk of injury to the public's trust in public officials by not placing in these positions individuals who have committed serious crimes, or less serious crimes that involve a violation of public trust.[6]

---

[6] The respondents assert that the amendment was in response to confusion expressed in the case law over the definition of "infamous crimes," and was intended to clarify that all felonies constitute a disability to holding public office. *See Becker v. Green County*, 176 Wis. 120, 124, 184 N.W.2d 715, 717 (1921); *Law Enforcement Standards Bd. v. Village of Lyndon Station*, 101 Wis. 2d 472, 497, 305 N.W.2d 89, 101 (1981). Therefore, respondents contend, the amendment is a clarification rather than an additional restriction. We need not decide this issue. Whether the amendment simply defined "infamous crimes" or adopted an additional restriction to holding office by using the term "felony," it did not detract from the purpose of WIS. CONST. art. XIII, § 3—to maintain public confidence in government officials. The amendment either clarified or enhanced this purpose.

¶ 11. Swan also contends the 1996 amendment violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. He contends there are two classes of people—those convicted of a felony in Wisconsin and those convicted of a felony in another jurisdiction. According to Swan, since the governor of Wisconsin cannot pardon those convicted in another jurisdiction, federal felons do not have the same opportunity for relief from the bar to obtaining public office, and their rights to equal treatment are therefore violated.[7]

¶ 12. To establish a violation of the equal protection clause, a party must show that the legislation impermissibly treats members of similarly situated classes differently. *See Tomczak v. Bailey*, 218 Wis. 2d 245, 261, 578 N.W.2d 166, 173 (1998). A threshold question is whether the legislation—or, in this case, article XIII, section 3(2) of the constitution—does indeed create a distinct classification of citizens that is treated differently. *See Milwaukee Brewers Baseball Club v. DHSS*, 130 Wis. 2d 79, 90, 387 N.W.2d 254, 259 (1986). Article XIII, section 3(2) of the Wisconsin Con-

---

[7] The respondents contend that, although the governor cannot pardon a person from a federal felony, it is an unanswered question under Wisconsin law whether the governor has the authority to remove the disability from holding office under WIS. CONST. art. XIII, § 3(2) for persons convicted of a federal felony (or a felony in another jurisdiction). *See State v. Haubrich*, 83 N.W.2d 451, 455–57 (Iowa 1957). Whether or not the governor has this authority under Wisconsin law does not affect our decision in this case. We therefore do not address the issue and, for purposes of this opinion, we accept Swan's contention that he needs a pardon from the President of the United States before he is eligible for a notary public commission.

stitution as amended does create a distinct class of citizens who have been convicted of a felony or certain misdemeanors and have not received a pardon. However, Swan does not argue that the subsection violates the equal protection rights of this class.[8] Instead, he contends the subsection treats those convicted of a felony in a Wisconsin state court differently than those convicted of a felony in another jurisdiction. We disagree.

¶ 13. The 1996 amendment makes no distinction between Wisconsin felons and federal felons and does not require anything different of those two groups. It requires all felons to receive a pardon before becoming eligible for an office of public trust. The fact that a different procedure must be followed to obtain a federal pardon is not a difference created by this constitutional provision. We conclude that article XIII, section 3(2) of the Wisconsin Constitution does not create the distinct class of citizens that Swan contends it does, and therefore does not violate the Equal Protection clause as to this class.
██

¶ 14. Finally, Swan contends that article XIII, section 3(2) as amended violates the Due Process clause because he cannot seek the same remedy as a

----

[8] If we have misunderstood Swan's argument, and if he does intend to argue that the amendment violates the right to equal protection of this class, we disagree. Because no suspect class or fundamental interest is involved, the test is whether the classification rationally furthers a legitimate government purpose. *See Group Health Coop. v. DOR*, 229 Wis. 2d 846, 856, 601 N.W.2d 1, 6–7 (Ct. App. 1999). We conclude that it does rationally further the legitimate purpose of protecting the public by imposing reasonable standards for people who hold offices of public trust.

person convicted of a felony in Wisconsin—a pardon from the governor. However, this subsection does not prevent him from seeking a pardon from the governor, nor does it require a pardon from the governor as opposed to the official who has the authority to pardon federal crimes. Because the amendment is a rational way to achieve a proper purpose, it does not violate the substantive component of the Due Process clause.[9] *See State v. McManus*, 152 Wis. 2d 113, 130–32, 447 N.W.2d 654, 660–61 (1989).

*By the Court.*—Order affirmed.

---

[9] We understand Swan's argument to be directed to the substantive component of the Due Process clause, rather than to procedural due process.