COURT OF APPEALS
DECISION
DATED AND FILED

August 5, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP435**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV2816

IN COURT OF APPEALS
DISTRICT IV

---

PATRICK S. SWEENEY,

    PLAINTIFF-APPELLANT,

PAMELA A. SWEENEY,

    PLAINTIFF,

  V.

FRANK LIQUOR CO. INC., A WISCONSIN CORPORATION, JOEL FRANK, JANNA FRANK, JUSTIN FRANK, FAIRVIEW RIDGE LLC, A WISCONSIN LIMITED LIABILITY COMPANY, FAIRVIEW RIDGE II LLC, A WISCONSIN LIMITED LIABILITY COMPANY AND FAIRVIEW RIDGE III LLC, A WISCONSIN LIMITED LIABILITY COMPANY,

    DEFENDANTS-RESPONDENTS,

JOHN DOE, JANE DOE, DOE PARTNERSHIPS, XYZ INSURANCE COMPANY, ABC INSURANCE COMPANY AND SBCP BANCORP INC., A WISCONSIN BANKING ASSOCIATION,

    DEFENDANTS.

---

APPEAL from a judgment of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed.*

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Patrick S. Sweeney appeals a final order and judgment dismissing his claims against Frank Liquor Co. Inc., Fairview Ridge LLC, Fairview Ridge II LLC, Fairview Ridge III LLC, Joel Frank, Janna Frank, and Justin Frank.[1] Sweeney's claims arise out of a business relationship he had with Joel Frank and Frank Liquor, which spanned several years and ended no later than 2013. Sweeney alleges that he is owed various fees for management and consulting work.

¶2 We conclude that the circuit court correctly determined that Sweeney's claims against the Frank Defendants are barred by the applicable statute of limitations. We further conclude that, even if the court committed any of the procedural errors Sweeney claims on appeal, any error was harmless. Accordingly, we affirm.

---

[1] We refer to this group of defendants collectively as the "Frank Defendants." We sometimes refer to Joel Frank individually as "Frank," and to Frank Liquor Co., Inc. as "Frank Liquor." For purposes of this opinion, we assume that Joel Frank is an owner or agent of Frank Liquor.

## BACKGROUND

¶3    The allegations in Sweeney's complaint are hotly contested, but we assume that the following factual allegations are true for purposes of reviewing the circuit court's dismissal order.

¶4    In December 2004, Sweeney learned about a commercial real estate property available for purchase in Middleton, Wisconsin.  Sweeney and Frank Liquor formed a limited liability company called Fairview Ridge LLC, which purchased the property.  The plan was for Sweeney to manage the property, and the parties agreed to determine an appropriate management fee at some future date.

¶5    Sweeney found a tenant and negotiated a lease in 2006.  He anticipated receiving consulting fees for such services.  He was not immediately paid but believed that he would be compensated when the success of the investment could be better determined.

¶6    Then, in preparation for a build-out of the property, Sweeney secured the necessary permits and chose a lender.  After a loan was secured, Sweeney requested payment for the management and consulting fees.  Joel Frank indicated that there were no funds available from the loan to pay those fees and that Sweeney would have to wait for a future "cash event" to be compensated.

¶7    In October 2011, the tenant notified Sweeney of its intent to vacate the property.  The parties agreed that Sweeney would be "promptly" paid an additional consulting fee for finding another tenant or a buyer.  In January 2013, Sweeney found a new tenant and finalized a new lease.

¶8     In "late spring of 2013," Sweeney asked Joel Frank about payment for the fees Sweeney was owed.[2]  In response to this inquiry, Frank stated that "neither [the consulting fees] nor [the management fee] nor any other fees that may be due [to Sweeney] would ever be paid."  Sweeney and Frank have not spoken since that conversation.[3]

¶9     Previously, in July 2012, Sweeney's residential lender, State Bank of Cross Plains, obtained a judgment of foreclosure against Sweeney.  Sweeney's mortgage loan had been secured in part by his membership interests in Fairview Ridge and two subsequently created entities.  As we understand the allegations in the complaint, State Bank obtained Sweeney's membership interests in these entities as a consequence of the foreclosure.  In the fall of 2013, Sweeney learned that State Bank sold these membership interests to Frank Liquor.

¶10     We now turn to the procedural events that led to this appeal.  On October 10, 2019, Sweeney and his wife[4] filed a lawsuit that, in pertinent part,

---

[2] On appeal, Sweeney asserts that this conversation occurred in April of 2013.  We use the less specific timeframe alleged in the complaint, "late spring of 2013," for purposes of our review of the circuit court's decision on the motion to dismiss the complaint.

[3] According to the complaint, a third-party loan Sweeney "was taking" from Fairview Ridge was "putting strain" on the business relationship that Sweeney had with Joel Frank. Although the complaint makes a number of references to a "third party loan" and a debt that Sweeney had incurred to Fairview Ridge, the Frank Defendants contend that the "third party loan" was actually an embezzlement perpetrated by Sweeney that resulted in Sweeney pleading guilty to federal bankruptcy fraud.

As discussed, for purposes of this appeal, we assume that the allegations in the complaint are true.  Our opinion does not depend on any of the factual contentions put forward by the Frank Defendants.

[4] Sweeney's wife, Pamela Sweeney, was removed as an appellant to this appeal by order of this court because she did not personally sign the notice of appeal.  As a result, our jurisdiction over this matter is limited to the appeal brought by Patrick Sweeney.

makes claims against the Frank Defendants seeking payment of the management and consulting fees to which Sweeney alleges he is entitled. These claims are for breach of oral contract, breach of written contract, breach of the implied duty of good faith and fair dealing, breach of implied contract, promissory estoppel, and unjust enrichment. For ease of reference, we refer to these contract and quasi-contract claims collectively as Sweeney's "contract-based claims."[5]

¶11    The Frank Defendants moved to dismiss the complaint arguing, among other things, that the contract-based claims are barred by the six-year statute of limitations set forth in WIS. STAT. § 893.43. Specifically, the Frank Defendants argued that the "late spring of 2013," when Frank allegedly told Sweeney he would not be paid any fees, is the latest date on which the statute of limitations for Sweeney's contract-based claims for payment of fees started to run. The Frank Defendants further argued that, because the complaint was filed in October 2019, the contract-based claims were untimely.

¶12    Sweeney responded with a series of motions, and we provide additional facts about how the circuit court addressed these motions below. Ultimately, the court concluded that all of Sweeney's claims against the Frank Defendants are barred by the applicable statutes of limitations, and the court dismissed his complaint in its entirety.

---

[5] The complaint also included a claim for quantum meruit, but Sweeney does not contest the dismissal of that claim on appeal and we discuss it no further.

In addition to the contract-based claims, Sweeney's complaint also includes various tort claims against the Frank Defendants and State Bank, including claims that they conspired to cause Frank Liquor to breach fiduciary duties it owed to Sweeney so that Frank Liquor could obtain Sweeney's membership interest at a discount price. The circuit court dismissed the tort claims under the three-year statute of limitations found in WIS. STAT. § 893.57, and Sweeney does not contest their dismissal on appeal.

¶13　Sweeney appeals the circuit court's dismissal of his contract-based claims against the Frank Defendants.

## DISCUSSION

¶14　"A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 331, 565 N.W.2d 94 (1997).　In reviewing a circuit court order granting a motion to dismiss, we liberally construe the pleadings and accept the facts as set forth in the complaint, as well as all reasonable inferences from those facts. *Swan v. LaFollette,* 231 Wis. 2d 633, 637-38, 605 N.W.2d 640 (Ct. App. 1999). However, we are "not required to assume as true legal conclusions pled by the plaintiffs." *Doe*, 211 Wis. 2d at 331.　Whether a complaint states a claim is a question of law, which we decide de novo, although we benefit from the circuit court's analysis. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.

¶15　As stated above, this appeal focuses on Sweeney's contract-based claims against the Frank Defendants, which the circuit court dismissed based on the applicable statute of limitations.　In his appellate briefs, Sweeney asserts in summary fashion that the dismissal of these claims was erroneous because the court applied the wrong accrual date.　Yet, the bulk of Sweeney's briefs concentrate on various asserted procedural errors, including the court's denial of the extension and reconsideration motions that Sweeney filed leading up to the court's decision to dismiss the complaint.

¶16　We begin by briefly discussing the applicable statute of limitations. For reasons explained below, we conclude that Sweeney's contract-based claims are time barred and that the circuit court correctly dismissed them.　We then turn

to the alleged procedural errors and conclude that any error that the court made was harmless.

I

¶17    WISCONSIN STAT. § 893.43 provides a six-year statute of limitations for "an action upon any contract, obligation, or liability, express or implied, including an action to recover fees for professional services …."  WIS. STAT. § 893.43(1).  This statute of limitations applies to claims for breach of contract, express or implied.  *See CLL Assocs. Ltd. P'ship v. Arrowhead Pac. Corp.*, 174 Wis. 2d 604, 607, 613, 497 N.W.2d 115 (1993).  The parties agree that this six-year statute of limitations also applies to claims based on a quasi-contract theory, including unjust enrichment and promissory estoppel.[6]   *See generally Boldt v. State*, 101 Wis. 2d 566, 578, 305 N.W.2d 133 (1981).

¶18    Sweeney's contract-based claims are premised upon the allegations that the Frank Defendants agreed to pay him a management fee for services performed from 2003-2006, consulting fees for services performed in 2006, and an additional consulting fee for services performed from 2011 until January 2013.

---

[6] Sweeney's opening appellate brief also makes references to his claims for "an action for accounting" and "set off."  According to Sweeney, these claims are subject to a "catch-all" statute of limitations with an unspecified limitations period.  Sweeney does not support this assertion with citation to authority.  During the circuit court proceedings, the Frank Defendants argued that the claim for an accounting should be dismissed because the complaint does not contain any facts that would give rise to an agency relationship, which is required to prove entitlement to an accounting.  They also argued that "set-off" is not a freestanding cause of action, but is rather a type of relief.  The Frank Defendants renew both arguments in their response brief on appeal, and Sweeney does not respond to these arguments in his reply brief.  We therefore deem them conceded.  *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession).

Each of Sweeney's breach of contract claims, as well as his quasi-contract claims for promissory estoppel and unjust enrichment, seek payment of these fees.

¶19 The circuit court dismissed Sweeney's contract-based claims based on WIS. STAT. § 893.43(1). The court relied, in part, on Sweeney's failure to submit any substantive response to the Frank Defendants' statute-of-limitations-based defense. The court referred to Sweeney's failure to submit a substantive response as a concession. However, it also independently determined that the Frank Defendants' defense was meritorious.

¶20 A contract claim "accrues at the moment the contract is breached, regardless of whether the injured party knew or should have known that the breach occurred." *CLL Assocs.*, 174 Wis. 2d at 607. As the circuit court explained, the alleged breach was based on the non-payment of fees allegedly due to Sweeney. Accepting the allegations in the complaint as true, the last moment that the contract-based claims could accrue was in the late spring of 2013, when, according to the complaint, Joel Frank unequivocally told Sweeney that he would not be paid any of these fees.

¶21 Sweeney makes no principled arguments to the contrary. As stated above, he did not advance any substantive argument on the merits during the circuit court proceedings and, on appeal, he concedes that the six-year statute of limitations applies to his breach of contract and quasi-contract claims. For the first time in his opening appellate brief, Sweeney asserts that the claims did not accrue until "the fall of 2013," when Sweeney learned that Frank Liquor had purchased

his former membership interests in Fairview Ridge from State Bank.[7]  According to Sweeney, Joel Frank's statement that Sweeney would not be paid was, at best, an "anticipatory breach," and that Frank Liquor "was not capable of executing the breach" prior to the fall of 2013.  Sweeney further argues that the "actual breach" occurred in the fall of 2013, and, therefore, the fall of 2013 is the correct accrual date for his contract-based claims.

¶22     We disagree.  Sweeney offers no authority to support his assertion that the statement Joel Frank made in the spring of 2013, in which Frank stated that Sweeney would never be paid, was an anticipatory breach of contract.[8]  As stated above, Sweeney's contract-based claims are based on a failure to pay various fees that Sweeney allegedly earned between 2006 and January 2013.  On its face, the assertion Frank made in "the late spring of 2013" appears to instead be a verbal confirmation that the fees that had not previously been paid to Sweeney would never be paid.

¶23     Likewise, Sweeny does not explain in any meaningful or logical way how Frank Liquor's acquisition of membership interests that once belonged to

---

[7] "Arguments raised for the first time on appeal are generally deemed forfeited." *Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177.  We could decline to address Sweeney's argument that the fall of 2013 is the correct accrual date on grounds that Sweeney forfeited the argument by failing to raise it in the circuit court.  However, we choose to address this argument and explain why it lacks merit because this determination helps illustrate why any procedural error was harmless.

[8] An anticipatory breach occurs when a party, which has not yet been required to perform its contractual obligations, has made a "definite and unequivocal manifestation" that it will not do so when the time fixed for performance arrives.  *Wisconsin Dairy Fresh, Inc. v. Steel & Tube Prod. Co.*, 20 Wis. 2d 415, 427, 122 N.W.2d 361 (1963).  Sweeney cites *Franconia Assocs. v. United States*, 536 U.S. 129, 144 (2002) for the premise that an anticipatory breach does not necessarily start the clock on the statute of limitations for a breach of contract claim.  We take no issue with that premise, but *Franconia Associates* does not support Sweeney's assertion that the statement Joel Frank made about payment was an anticipatory breach.

Sweeney has any bearing on Fairview Ridge's failure to pay fees for services performed between 2006 and 2013. At best, we understand Sweeney to be suggesting that the non-payment of these fees led to the bankruptcy proceedings, which led to State Bank's acquisition of Sweeney's membership interests, which led to Frank Liquor being able to purchase the membership interests from State Bank, supposedly at a discount rate. However, even accepting Sweeney's allegations as true, contract-based claims accrue at the time of a breach, *CLL Assocs.*, 174 Wis. 2d at 607, not after a string of events that are caused by consequences of a breach.[9]

¶24 Accordingly, we agree with the circuit court that the last alleged event that had any bearing on the accrual of Sweeney's contract-based claims occurred when Joel Frank unequivocally told Sweeney that he would not be paid. Therefore, the claims accrued at the very latest in the "late spring of 2013," and, giving Sweeney the benefit of all possible doubts, he needed to file his claims no later than late spring of 2019. His complaint was filed in October 2019 and was, at minimum, several months too late.[10]

¶25 The Frank Defendants advance additional arguments as to why Sweeney's complaint fails to state a claim. According to the Frank Defendants,

---

[9] Sweeney's argument appears to conflate his contract and tort claims. His claim—that Frank Liquor breached fiduciary duties and conspired with others to improperly acquire Sweeney's membership interests—sounds in tort. *See supra* n.5. As discussed above, Sweeney concedes that his tort claims were properly dismissed under the applicable statute of limitations.

[10] To the extent that Sweeney attempts to make any other contrary arguments on appeal regarding any statute of limitations and its respective accrual times, we reject them as undeveloped and unsupported by binding legal precedent. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (stating that we need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped).

Sweeney's claims are barred by issue preclusion, the statute of frauds, and an agreement he signed to resolve claims related to his bankruptcy filing. Additionally, they contend that Sweeney's contract-based claims do not involve any allegations against Janna Frank, Justin Frank, and two of the Fairview Ridge entities, and that this is an independent reason to affirm the dismissal of the complaint as to these defendants. Because our determination as to the statute of limitations is dispositive, we do not address the Frank Defendants' alternative arguments. ***Barrows v. American Family Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

## II

¶26　We now turn to Sweeney's procedural arguments, which center around the notion that he was denied meaningful access to the courts. Before addressing Sweeney's procedural arguments, we describe the procedural posture of this case in greater detail.

¶27　The Frank Defendants' motion to dismiss was filed on December 3, 2019. The circuit court issued a briefing schedule, which established January 2, 2020, as Sweeney's deadline to respond.

¶28　It is undisputed that Sweeney was incarcerated at that time. With his wife's assistance, he requested an extension to file a brief in opposition to the motion to dismiss. The circuit court granted a thirty-two-day extension, meaning that the deadline for the opposition brief was extended to February 3, 2020.

¶29　On January 29, 2020, as that deadline approached, Sweeney's wife requested a second extension. This time, the Frank Defendants objected. The

circuit court denied the request for a second extension and scheduled a hearing on the motion to dismiss for March 5, 2020.

¶30    On February 14, 2020, Sweeney filed a motion for reconsideration of the denial of his second extension request. The majority of the five-page motion described difficulties Sweeney faced responding to the motion to dismiss from prison. The final sentence of the motion requested that, "in the event the court [were to deny his] request for an extension," the court should "grant the [Frank Defendants'] motion to dismiss without prejudice [and] grant leave to amend [his] Complaint." Notably, Sweeney did not actually file any motion for leave to amend, nor did he describe how the complaint could be amended to defeat the Frank Defendants' statute of limitations defense.

¶31    Then, on February 28, 2020, Sweeney mailed a "supplemental brief in opposition to defendants' motion to dismiss" to the circuit court. The document was received by the court on March 5, 2020, just before the motion to dismiss hearing was to occur. The "supplemental brief" again requested additional time to respond to the motion to dismiss. It did not address the merits of any of the Frank Defendants' substantive arguments.

¶32    The circuit court held the hearing as scheduled. Neither Sweeney nor his wife appeared at the hearing. The court denied Sweeney's motion for reconsideration and struck the supplemental brief as untimely. Then, as stated above, the court dismissed Sweeney's claims based on the applicable statutes of limitation—both based on Sweeney's failure to file a brief and also on the court's independent review of the merits of the defense. The Frank Defendants submitted a proposed order which granted summary judgment and dismissed Sweeney's claims "with prejudice and on the merits." The court signed the order.

¶33    Sweeney argues that the circuit court committed multiple errors leading up to its decision to dismiss his complaint.  Among other things, Sweeney argues that the court erred by denying him a second extension of time to file a response brief and by denying the corresponding motion for reconsideration, which he claims was necessary to allow him sufficient time to prepare a response to the Frank Defendants' motion to dismiss.  Sweeney further asserts that the court erred when it struck his "supplemental brief" dated February 28, 2020, which, he argues, was timely under the prisoner mailbox rule.[11]  Finally, Sweeney argues that the court erred by not granting his request for leave to amend the complaint.  As we understand it, Sweeney is arguing that, based on these procedural violations, his right to meaningful access to the courts was violated.  It appears Sweeney believes that he was entitled to endless extensions of applicable deadlines because the facilities where he was incarcerated did not provide him with all the resources that he contends were necessary to submit a response brief.

¶34    We do not conclude that the circuit court committed any procedural error, but even if it did, any possible error was harmless.  This is because even now, more than a year after the court granted the motion to dismiss, Sweeney has not identified any legal argument or amendment to the complaint that he could have made which would overcome the Frank Defendants' statute-of-limitations defense.

¶35    WISCONSIN STAT. § 805.18(2) provides in pertinent part:

---

[11] *See **Houston v. Lack**, 487 U.S. 266 (1988) (providing that a pro se prisoner's notice of appeal is "filed" for purposes of the filing deadline at the time it is delivered to prison authorities).

> No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of ... error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.

For an error to affect the substantial rights of a party, there must be a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue. *Martindale v. Ripp*, 2001 WI 113, ¶32, 246 Wis. 2d 67, 629 N.W.2d 698.

¶36 Here, there is no reasonable possibility that the errors asserted by Sweeney contributed to the dismissal of his contract-based claims against the Frank Defendants. As stated above, the circuit court properly dismissed these claims based on the applicable statute of limitations. As also stated above, Sweeney disregards the forfeiture rule on appeal and advances a legal argument about the accrual of the six-year statute of limitations that he did not advance during the circuit court proceedings; yet, as we have determined, this argument entirely lacks merit. Sweeney does not identify any other argument that he could have advanced, nor does he identify any amendment to the complaint that he could have made, to overcome the Frank Defendants' statute-of-limitations defense. Because Sweeney does not show that the outcome would have been different had the circuit court allowed him additional extensions, accepted his untimely response brief, or granted a motion for leave to amend the complaint, we agree with the Frank Defendants that, even if any of the asserted procedural errors were committed by the court, they are harmless.

¶37 In sum, Sweeney has not provided any meritorious response to the Frank Defendants' motion to dismiss despite the additional time he has had to do so. Accordingly, we conclude that Sweeney's contract-based claims are time-

barred and that any procedural error made by the circuit court was harmless. Therefore, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.